judge-ly\ratty\r97916.dp1







NUMBERS 13-97-916-CR AND 13-97-918-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


THE STATE OF TEXAS, Appellant,



v.




ZOILA ALVARADO, Appellee.

____________________________________________________________________



On appeal from the 24th District Court of Refugio County, Texas.

____________________________________________________________________



O P I N I O N



Before Chief Justice Seerden and Justices Yañez and Chavez

Opinion by Justice Yañez



 These cases come before us on the State's appeal from the granting of a writ of habeas corpus on double jeopardy grounds. 
We reverse.

 Appellee, Zoila Alvarado, was indicted for possession of marijuana and cocaine and for having failed to pay the taxes due
on these substances. The state comptroller presented the appellee a bill for $127,938 in back drug taxes, plus $25,582.60 as
a penalty pursuant to Chapter 159 of the Texas Tax Code. Appellee made payments totaling $700 as partial payment. 
Appellee argues that partial payment and acceptance by the comptroller constitutes "entering into a payment plan" for
payment of the remaining tax. 

 Ex parte Ward, 964 S.W.2d 617 (Tex. Crim. App. 1998), is dispositive. InWard, the court held that the automatic
imposition of the tax, receipt of notice of the tax assessment, imposition of a lien based on the tax liability, and partial
payment of the tax, absent an arrangement to pay the remainder, are all insufficient to constitute "punishment" for jeopardy
purposes. Id. at 628-32.

 In the instant cases, the trial court erred in concluding that the assessment of the taxes and the partial payment of those
taxes amounts to punishment such that double jeopardy bars the subsequent prosecution of the appellee. Nor is there any
evidence in the record that the appellee made arrangements with the comptroller to pay the balance of the tax liability. The
State's point of error is sustained. 


 We REVERSE the district court's granting of habeas corpus relief and REMAND these cases to the trial court for further proceedings.





____________________________________ 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 6th day of May, 1999.